UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
DAVID A.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                            1:22-cv-01353-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In November of 2019, Plaintiff David A.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 14).

      This case was referred to the undersigned on March 17, 2023. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 21,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

23). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on November 4, 2019, alleging disability beginning July 1, 2018. (T at 27, 97, 110).[2] Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on October 19, 2020, before ALJ Selwayn Walters. (T at 59-86). Plaintiff appeared with an attorney and testified. (T at 65-81). The ALJ also received testimony from Michael Dorval, a vocational expert. (T at 83-85).

### B.   ALJ's Decision

On March 26, 2021, the ALJ issued a decision denying the application for benefits. (T at 24-41).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 4, 2019 (the alleged onset date). (T at 29).  The ALJ concluded that Plaintiff's seizure disorder was a severe impairment as defined under the Social Security Act. (T at 29).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 31).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he cannot climb ladders, ropes, or scaffolds and must avoid unprotected heights, moving mechanical parts, and the operation of heavy machinery and motor vehicles. (T at 32).

The ALJ found that Plaintiff had no past relevant work (T at 35). Considering Plaintiff's age (35 on the application date), education (limited), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 36).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 9, 2019 (the application date) and March 26, 2021 (the date of the ALJ's decision). (T at 37. On January 26, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.     Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 17, 2022. (Docket No. 1).  On January 24, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 21, 22).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on March 15, 2023. (Docket No. 23, 24).  On April 17, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 25).

## II.  APPLICABLE LAW

### A.     Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, he challenges the ALJ's step two findings. This Court will address both arguments in turn.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Samuel Bhuiyan completed a medical source statement in December of 2019.  Dr. Bhuiyan had been treating Plaintiff since September of 2018. (T at 642).  He diagnosed seizure disorder, offered no opinion regarding Plaintiff's ability to perform exertional activities, and assessed moderate restriction in Plaintiff's activities of daily living and regarding his ability to deal with normal work stress, report to work every day, work in coordination with others, follow basic instructions, stay on task, and maintain social functioning. (T at 640-42).

Dr. Bhuiyan opined that Plaintiff's deficiencies of concentration, persistence, or pace would result in failure to complete tasks in a timely manner. (T at 642).  He believed Plaintiff's conditions would prevent full-time, competitive, and ongoing work. (T at 642).

The ALJ found Dr. Bhuiyan's opinion unpersuasive. (T at 34).

For the following reasons, the Court concludes that the ALJ's assessment cannot be sustained.

First, the ALJ failed to consider the consistency between the assessment of Dr. Bhuiyan and the opinion of the consultative psychiatric examiner. In December of 2019, Dr. Alexandra Gordon-Fitzsimons performed a consultative psychiatric examination. Plaintiff was cooperative during the examination, with appropriate affect, fair insight and judgment, and mildly impaired memory. (T at 445).

Dr. Gordon-Fitzsimons assessed no limitation in Plaintiff's ability to understand, remember, or apply simple or complex directions and instructions. (T at 446). She opined that Plaintiff had moderate limitation with respect to his capacity to interact adequately with supervisors, co-workers, and the public; mild limitation in sustaining concentration and pace; and mild impairment in sustaining an ordinary routine and regular attendance. (T at 446). Dr. Gordon-Fitzsimons assessed moderate limitation with respect to regulating emotions, controlling behavior, and maintaining well-being. (T at 446).

Dr. Gordon-Fitzsimons diagnosed unspecified depressive disorder, posttraumatic stress disorder, and substance abuse, cannabis. (T at 447). She characterized Plaintiff's prognosis as "fair." (T at 447).

The ALJ found the moderate limitations assessed by Dr. Gordon-Fitzsimons and Dr. Bhuiyan inconsistent with, and unsupported by, the treatment record. (T at 34-35).

Contrary to the conclusion of the ALJ both physicians assessed moderate impairment with respect to Plaintiff's capacity to sustain social functioning and self-regulation in a work setting. (T at 446, 640-42). Notably, the ALJ did not include in his RFC any limitation in Plaintiff's ability to perform these aspects of basic work activity (T at 32), making the ALJ's assessment materially different from the shared conclusion of two medical professionals who treated and/or examined Plaintiff.

The problem with the ALJ's assessment is that she analyzed the two assessments in isolation. She did not address, and does not appear to have considered, the consistency of the treating and examining physicians' opinions with each other. This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24,

2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

In addition, the ALJ's reading of the treatment record was selective. The ALJ discounted the opinions of Dr. Gordon-Fitzsimons and Dr. Bhuiyan based on mental status examinations that were, in her view, "unremarkable and within normal limits." (T at 35).

In August of 2019, however, Plaintiff was described as depressed, with impaired attention and concentration. (T at 820). In October of 2019, he demonstrated slowed thinking, along with possible deficits in attention, concentration, and memory, and was diagnosed with PTSD. (T at 807, 811). He had difficulty answering questions on the patient health questionaries. (T at 811). In January of 2020, Plaintiff was diagnosed with PTSD, along with generalized anxiety disorder. (T at 784).

The ALJ cannot "simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004). "It is grounds for remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim." *Id.* (citing *Lopez v. Sec'y of Dept. of Health and Human Services*,

12

728 F.2d 148, 150–51 (2d Cir.1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him.")); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

Moreover, the ALJ overrated the relevance of Plaintiff's ability to maintain appropriate affect during relatively brief, relatively infrequent (weekly or monthly), and (due to the pandemic often virtual) encounters with supportive mental health professionals.

The Commissioner's regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week." 20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, 17 Civ. 6875, 2019 U.S. Dist. LEXIS 27074, at *31 (S.D.N.Y. Feb. 19, 2019)(noting that ALJs must recognize that "the effects of a mental health issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of*

13

*Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018)(decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

Lastly, the ALJ should have further developed the record regarding Dr. Bhuiyan's opinion. According to the ALJ, Dr. Bhuiyan believed Plaintiff "might have a tendency to exaggerate symptoms related to his medical condition, or … could be a malingerer." (T at 34).

The medical source statement form asked the physician whether he believed Plaintiff "exaggerates symptoms related to his/her conditions or is a malingerer" and provided three response options: "yes," "no," or "no opinion." (T at 640). Dr. Bhuiyan declined to check any of the response options and handwrote "likely due to medical conditions." (T at 640).

The Court finds that, under the circumstances, it was unreasonable for the ALJ to interpret Dr. Bhuiyan's response as an affirmative indication of symptom exaggeration and/or malingering, particularly given the documented diagnoses of mental health impairments, as well as the consistency between Dr. Bhuiyan's opinion and the assessment of Dr. Gordon-Fitzsimmons. *See Plaza v. Comm'r of Soc. Sec.*, No. 19CV3853 (DF), 2020 WL 6135716, at *23 (S.D.N.Y. Oct. 16, 2020)(ALJ erred when

14

he "substituted his lay opinion for that of the treating physician without first re-contacting the treater for clarification of any perceived inconsistencies").

The ALJ also found Dr. Bhuiyan's response to a question regarding work absences "unclear." (T at 34-35). Dr. Bhuiyan's response is, indeed, unclear. The form asked for an assessment of "[e]xpected monthly episodes of deterioration or de-compensation in work-like settings." (T at 642). The form provided five possible responses: "None," "Seldom," "Once or Twice," "3 or more," and "Continual." Dr. Bhuiyan circled three responses: "Seldom," "Once or Twice," and "3 or more." (T at 642).

However, some insight into the physician's thinking may be found in the section immediately following this portion of the form, in which Dr. Bhuiyan stated that he believed Plaintiff's conditions would prevent full-time, competitive, and ongoing work. (T at 642).

The most logical way to harmonize the responses is to read Dr. Bhuiyan as believing that Plaintiff would not be able to sustain attendance sufficient to maintain employment. The ALJ was not inclined to adopt such a reading and found this aspect of the assessment "unclear." (T at 34-35). Under the circumstances, the ALJ was obliged to re-contact Dr. Bhuiyan for clarification.

The Court recognizes that there is some support for the ALJ's decision in the assessments of the non-examining State Agency review consultants, both of whom opined that Plaintiff did not have a severe psychiatric impairment. (T at 35, 91-92, 103-104).

These opinions, however, do not constitute substantial evidence sufficient to sustain the ALJ's decision, particularly given the errors outlined above with respect to the consideration of two physicians who treated or examined Plaintiff in person. *See Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021)("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner."); *see also Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 U.S. Dist. LEXIS 19212, at *25-26 (S.D.N.Y. Jan. 29, 2021)("A survey of … cases … show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various

medical opinions in a given claimant's medical history are substantially similar.")(collecting cases).

For these reasons a remand is required for reconsideration of the medical opinion evidence concerning Plaintiff's mental impairments.

### B. Step Two Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two. *See* 20 C.F.R. § 404.1520a(a).

The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1). To perform this analysis, the

ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indication more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

Here, the ALJ recognized Plaintiff's depressive disorder and PTSD as medically determinable impairments but found them to be non-severe. (T at 29).

Applying the special technique, the ALJ assessed no limitation with respect to understanding, remembering, or applying information; no limitation in interacting with others; mild limitation with respect to concentration, persistence, or pace; and no limitation in adapting or managing himself. (T at 30-31).

The ALJ's conclusions, particularly regarding Plaintiff's ability to maintain social functioning and self-regulation/management, are at odds with the opinions of Dr. Bhuiyan and Dr. Gordon-Fitzsimons, both of whom found at least moderate impairment in these domains. (T at 446, 640-42).

Accordingly, for the reasons outlined above, the ALJ did not adequately support her decision to deem the assessments of both the treating and examining physicians unpersuasive.  This error also undermines the step two analysis.

C.   Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Here, for the reasons discussed above, the evidence concerning Plaintiff's mental health impairments, including (in particular) the assessments of the treating physician and consultative psychiatric examiner, need to be revisited on remand, with further development of the record and proper application of the applicable legal standards.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 19) is DENIED; and this case is REMANDED for further proceedings consistent with this Decision and Order.  The Clerk is directed to enter final judgment and then close the file.


Dated: July 12, 2023            *s/ Gary R. Jones*
                                GARY R. JONES
                                United States Magistrate Judge